**In re Roger Timothy GREENWALD and Tonya Marie Greenwald, Debtors.**

**Bankruptcy No. 94–18274 RJB.**

United States Bankruptcy Court, D. Colorado.

Jan. 15, 1997.

Joe T. Reece, Reece & Baker L.L.C., Denver, CO, for Creditor Courtesy Ford.

Wendy Wagner, Denver, CO, for the Standing Chapter 13 Trustee.

Mark E. Henze, Henze & Associates, P.C., Denver, CO, for Debtors.

### AMENDED MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion of Creditor Courtesy Ford to declare a superpriority administrative expense pursuant to 11 U.S.C. §§ 507(a)(1) and (b) because of failure of adequate protection.

This case was filed on August 22, 1994. The Debtors proposed a Chapter 13 Plan to which the creditor, who was secured by the Debtors' automobile (a 1983 Oldsmobile), objected. After notice and hearing held on January 9, 1995, the Court confirmed the Debtors' Plan on February 2, 1995, and valued the creditor's interest in the automobile at $900.00. The confirmed Plan provided that the Debtors would pay $65.00 per month to the Chapter 13 Trustee and that upon confirmation "Adequate Protection of $20.00 per month shall be paid to [creditor] from month one until Class III is reached."

Thus, in this case, out of each monthly payment, the creditor would be paid $20.00 until Class I, i.e., the § 507 priority claims were paid in full. These claim consisted of the Chapter 13 Trustee's compensation

($213.00); Debtors' attorney's fees ($200.00); federal taxes ($300.00); and state taxes ($402.00). There were no Class II claims and this creditor was the only Class III claim. In other words, the Plan provided that this Class III creditor would be paid simultaneously with the Class I creditors. Under the Plan it would take approximately 25 months for the Class I creditors to be paid in full. At that point the Class III creditor would receive the entire $65.00 per month until it had been paid a total of $900.00. Thereafter, the payments would be for the benefit of the Class IV unsecured creditors.

On May 29, 1996, the Debtors filed a Modified Chapter 13 Plan along with a Motion to Modify. This proposed modification provided for the surrender of the automobile to this creditor and allowance of a secured claim in the amount already paid through the original Plan. The new Plan eliminated the adequate protection provision. The creditor objected stating that the Debtors had failed to respond to questions about the automobile's return. There was no mention by the creditor of adequate protection. On July 2, 1996, the Debtors filed a "Corrected Modified Chapter 13 Plan" in response to an objection of the Chapter 13 Trustee. On August 19, 1996, a hearing was held on the creditor's objection to the new Plan. At the hearing it was revealed that the transmission of the automobile did not work and the Debtors did not want to pay for its repair. The Court ordered that the new Plan would be confirmed if and when the Debtors caused the car to be delivered to the creditor. On October 16, 1996, the Court confirmed the new Plan. On that same date the creditor filed its within Motion.

■ In order to receive a superpriority claim a creditor must pass a three-part test. *In re Cason,* 190 B.R. 917 (Bankr.N.D.Ala. 1995); *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860 (4th Cir.1994):

1. Adequate protection must have been provided prior to this request and that protection must have failed or must have been inadequate;

2. The creditor must have a claim that is allowable under § 507(a)(1) [which incorporates § 503(b) ]; and

3. The creditor's claim must have arisen under the automatic stay of § 362 or from the use, sale, or lease of the collateral under § 363 or the granting of a lien under § 364(d).

■ Here the Creditor may have had· a basis for requesting a superpriority claim be provided for in the new Plan. But it did not do so. Neither in the creditor's objection, nor at the hearing did the creditor raise the issue of § 507(b) superpriority. Under the new Plan there is no provision for adequate protection, and thus the creditor has failed to meet the first requirement for the award of superpriority status. It is, therefore,

ORDERED that the within Motion is denied.