**In re Everet M. ROBINSON, and Angela F. Robinson, Debtors.**

**Bankruptcy No. 97–05672–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

Sept. 15, 1998.

---

Paul Tom, Tulsa, OK, for Plaintiffs.

Lyle R. Nelson, Oklahoma City, OK, for Defendants.

*MEMORANDUM OPINION*

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court for consideration of confirmation of the Second Amended Chapter 13 Plan (the "Plan") filed by Everet M. Robinson and Angela F. Robinson, Debtors herein ("Debtors"), and the Motion for Administrative Claim (the "Motion") filed by KeyBank USA, f/k/a AutoFinance Group, Inc., ("AFG"). For the reasons set forth herein, the Court denies confirmation of the Plan, and overrules the Motion.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b)[1], and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Each of the matters before the Court constitute core proceedings as contemplated by 28 U.S.C. § 157(b)(2)(B) and (L).

### Burden of Proof

The United States Court of Appeals for the Tenth Circuit has ruled that the burden of proof with respect to the entitlement to an administrative priority lies with the party seeking the priority. *See In re Mid Region Petroleum Inc.*, 1 F.3d 1130, 1132 (10th Cir.1993). With respect to the issue of whether a chapter 13 plan meets the requirements of confirmation, the burden lies with the debtors. *See In re Packham*, 126 B.R. 603, 607 (Bankr.D.Utah 1991); *see also In re Anderson*, 173 B.R. 226, 229 (Bankr. D.Colo.1993).

### Findings of Fact

The operative facts necessary to the Court's decision are not in dispute and may be gleaned from a review of the file in this case. The Court makes the following findings of fact:

1. Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on December 5, 1997.

2. At the time the bankruptcy case was filed, AFG was a secured creditor of the Debtors, holding a lien upon Debtors' motor vehicle, a 1995 Ford Contour (the "Vehicle").

3. On March 27, 1998, as a result of Debtors' failure to timely file a plan, this Court entered an order dismissing this Chapter 13 case. *Docket No. 15.* Thereafter, Debtors requested that the Court vacate said order. Debtors' request was granted and this case was reinstated on April 9, 1998. *Docket No. 20.*

4. Sometime after this Court entered the order dismissing this case, and before the order of dismissal was vacated, AFG apparently repossessed the Vehicle.[2]

5. On April 29, 1998, Debtors and AFG entered into the following stipulation:

> It is therefore Stipulated and Agreed, that AFG, secured creditor herein, may increase its secured claim by the amount of its repossession and recovery charges; that such increase in claim may be evidenced by an amended proof of claim to be filed with this court, and that the Debtors further request and direct the trustee to pay such claim, and if required, to extend the term of the chapter 13 plan in order to pay such claim.

*Docket No. 21.* Neither Debtors nor AFG sought Court approval of this Stipulation, and no such approval was ever given.

6. On July 10, 1998, AFG filed its "Motion for Relief From Stay and Abandonment of Property" (the "Relief Motion"), seeking an order of this Court: (1) terminating the automatic stay provisions of 11 U.S.C. § 362;

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 1998).

2. The file is unclear in this regard. In its administrative claims filed in this case, AFG states that the claims are, at least in part, for expenses incurred in the repossession of the Vehicle and its subsequent maintenance by AFG. *See Claims Nos. 7 and 7A.* These claims would therefore indicate that AFG did in fact repossess the Vehicle. However, under the terms of the Plan, the Debtors will retain possession and use of the Vehicle, and pay AFG an agreed amount to amortize the debt owed to AFG. *See Docket No. 39.* Because the Court denies the Motion for Administrative Claim, the question of how and when (and if) AFG repossessed the Vehicle is irrelevant.

(2) requiring the Chapter 13 Trustee to abandon any interest he may claim in the Vehicle; and (3) allowing AFG to enforce its rights and remedies under state law and its loan documentation with respect to the Vehicle. *See Docket No. 31.* The Motion for Relief was filed using the Notice and Opportunity for Hearing Procedures as set forth in the local rules of this Court. *See N.D. Bankr.LR 9013 and 9014.*

7. There were no objections filed to the Relief Motion. Accordingly, on August 18, 1998, this Court entered an order terminating the automatic stay provisions of 11 U.S.C. § 362, requiring the Chapter 13 Trustee to abandon any interest he may claim in the Vehicle and allowing AFG to enforce its rights and remedies under state law and its loan documentation with respect to the Vehicle. *See Docket No. 36.*

8. At the same time AFG filed the Relief Motion, it also filed the Motion for Administrative Claim. In the Motion for Administrative Claim, AFG seeks an order of this Court granting administrative priority under 11 U.S.C. § 503 for two separate claims, one for $747.64, and one "in the amount of $387.89 per month, from the date of filing through the date this case is dismissed or converted, and to the extent such funds are available in the hands of the chapter 13 trustee." *Docket No. 29,* ¶ 7.

9. The $747.64 sought by AFG as an administrative claim represented "$410.00 in repossession fees and $347.64 in legal fees expended by the creditor [AFG] in recovering its collateral … and in securing and caring for the property, and related charges." *See Claim No.* 7.

10. On August 27, 1998, AFG amended its claim for administrative expenses, increasing the amount sought to $1,200.00, which, according to AFG, represented "$410.00 in repossession fees and $790.00 in legal fees expended by the creditor [AFG] in recovering its collateral … and in securing and caring for the property, and related charges." *See Claim No. 7A.*

11. On August 27, 1998, Debtors filed their Second Amended Chapter 13 Plan. Under the terms of the Plan, AFG is to be given an allowed secured claim in the amount of $12,437.50, amortized over a period of 36 months, with interest at the rate of 12 per cent per annum. Apparently, notwithstanding the Order of this Court granting the Relief Motion, Debtors are to retain possession and control of the Vehicle. In addition, AFG is to be paid $1,200.00 without interest over a period of 36 months by virtue of its alleged administrative claim. The Plan provides for a payment of approximately 61.52% to unsecured creditors. Based upon a review of the Plan, there appear to be no creditors other than AFG and the unsecured creditors in this case.

12. Upon receipt of the Motion for Administrative Claim, this Court, on its own motion, requested AFG, the Debtors and the Chapter 13 Trustee to provide the Court with whatever authority they deemed appropriate in support of or in opposition to the Motion for Administrative Claim. *Docket No 37.* AFG filed its Response on September 4, 1998. *Docket No. 43.* The Trustee filed his brief in opposition to the Motion for Administrative Claim on September 8, 1998. *Docket No. 44.*

13. On September 1, 1998, this Court held a hearing to consider confirmation of the Plan. Only the Chapter 13 Trustee appeared. At the hearing, the Court took the issue of confirmation under advisement, indicating that it would rule on the issue of confirmation at the same time it ruled on the Motion for Administrative Claim.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Conclusions of Law

This case raises the issue of whether a secured creditor who has not requested and has not been granted any form of adequate protection under § 361 of the Bankruptcy Code during the pendency of a bankruptcy case may receive an administrative priority claim for alleged depreciation to its collateral during the pendency of the case. Unless such a claim is proper, the Plan, which provides for payment on account of such a claim, may not be confirmed.

*The Motion to Stay Decision*

■ AFG has asked that this Court stay its decision on the Motion for Administrative Claim because Debtors and AFG have come to an agreement regarding the treatment of AFG's claim in this case. AFG argues that this agreement is embodied in the Plan, and that confirmation of the Plan will moot the Motion for Administrative Claim. The Court has reviewed the Plan. The Plan does not "moot" the Motion for Administrative Claim; instead, it operates to sustain the Motion for Administrative Claim by providing for its payment in full. Such a result would be improper for the reasons set forth herein. Accordingly, the Court declines to stay its ruling on the Motion for Administrative Claim.

*The Motion for Administrative Claim*

In the Motion for Administrative Claim, AFG relies upon § 503(b) of the United States Bankruptcy Code. Although that section of the Bankruptcy Code has several subsections, it appears that the only subsection potentially applicable to the case before the Court is § 503(b)(1)(A), which provides priority status for the "actual, necessary costs and expenses of preserving the estate." AFG argues that since the Debtors used the Vehicle during the pendency of this bankruptcy case, "the cost and expense of the depreciation suffered on the collateral [i.e. the Vehicle] by the use and passage of time should be allowed as an administrative claim." *Response to Court's Order for Supporting Authority and Request for Stay of Further Decision, Docket No. 43,* p. 2. Stripped to its essence, AFG's argument is that they should receive an administrative expense claim because Debtors remained in possession of the Vehicle during the pendency of their bankruptcy case.[3] AFG also argues that they are entitled to such protection "during the entire bankruptcy case"

whether they request it or not. *Id.* at p. 1. The Court disagrees.

■ An administrative priority under § 503(b), when allowed, grants a creditor priority over all unsecured creditors, and often results in full or partial payment where otherwise a creditor would receive nothing. The granting of an administrative priority exists to "encourage post-petition dealings with the debtor." *In re Dayhuff,* 185 B.R. 971, 973 (Bankr.N.D.Ga.1995). As a general rule, administrative priorities should be narrowly construed. *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 866 (4th Cir.1994). The United States Court of Appeals for the Tenth Circuit has adopted a two-prong test to be used in determining whether an expense constitutes an administrative expense under § 503(b). Under the two prong test the expense (1) must have arisen from a transaction with the estate, i.e., must be a post-petition transaction; and (2) the estate must have benefitted in some demonstrable way i.e., it must be necessary to preserve the estate. *See In re Mid Region Petroleum Inc.,* 1 F.3d 1130, 1132–1133 (10th Cir.1993) (citations omitted).

■ The administrative claim filed by AFG states on its face that it relates to the expenses (including legal fees) incurred by AFG in repossessing its collateral. AFG does not allege that it took possession of the Vehicle in order to protect the Debtors or the bankruptcy estate; AFG acted to protect its interests in the Vehicle. The expenses incurred in doing so, while they may well have benefitted AFG, are of no benefit to the bankruptcy estate.[4] Expenses which benefit only the creditor are not eligible for administrative priority status. *See In re Jartran, Inc.,* 886 F.2d 859, 871 (7th Cir.1989).

■ The fact that Debtors have entered into a stipulation with AFG regarding the administrative expenses which AFG

---

**3.** This statement is inconsistent with the factual basis for the administrative expense contained in each of AFG's proofs of claim. In each claim, AFG affirmatively states that the claim amount represents fees and expenses "expended by the creditor [AFG] in recovering its collateral ... and in securing and caring for the property, and related charges." *See Claim Nos. 7 and 7A.*

**4.** It is interesting to note that in its brief submitted to the Court in support of the Motion for Administrative Claim, AFG seems to have abandoned the factual basis set forth in the claims, and instead argued that the amount of and basis for the claim somehow relates to the decline in value of the Vehicle while it was in the possession of the Debtors.

claims is also not persuasive. The stipulation states that AFG may file a proof of claim for its repossession expenses; it does not indicate their priority. Even if it did, such a stipulation would not be binding on the Court. Parties are not free to elevate the status of a claim by agreement, especially when to do so would operate to the detriment of other creditors or fly in the face of the priority rules established by the framers of the Bankruptcy Code. *See Guaranty Nat'l Ins. Co. v. Greater Kansas Transp., Inc.*, 90 B.R. 461, 462–462 (D.Kan.1988); *see also* § 503(b).

▆] Even if the amount sought by AFG related to a decline in value of the Vehicle during the pendency of the bankruptcy case, this Court would not allow them an administrative claim. AFG did not seek an order of adequate protection in this case; instead, AFG sought and obtained relief from the automatic stay. This Court adheres to the rule established by other courts that a creditor is entitled to adequate protection only from the time the same is requested. "Colloquially expressed, if you don't ask for it, you won't get it." *In re Kain*, 86 B.R. 506, 512 (Bankr.W.D.Mich.1988) (citations omitted); *see also In re Continental Airlines, Inc.*, 134 B.R. 536, 544 (Bankr.D.Del.1991); *In re Cason*, 190 B.R. 917, 928 (Bankr.N.D.Ala.1995). These cases are consistent with § 363(e) of the Bankruptcy Code, which provides that the court, *"on request of an entity that has an interest in property used,"* may condition the use on the provision of adequate protection. § 363(e) (emphasis added). Having failed to request adequate protection, AFG may not use § 503(b) as an alternate means to the same end.

It is the ruling of the Court today that a creditor is not entitled to adequate protection until it requests the same from the Court, and that § 503(b) of the Bankruptcy Code does not provide an alternative means to obtain adequate protection on an after-the-fact basis. In so ruling, the Court adopts the following analysis of the Honorable Keith M. Lundin, United States Bankruptcy Judge for the Middle District of Tennessee:

> We do not believe § 503(b) is intended to provide an administrative expense award

to a prepetition secured lender based on the debtor's postpetition possession and use of collateral. As the quoted portion of *Jartran* demonstrates, the administrative priority should not be awarded absent a clear statutory purpose. *In re Jartran, supra*, 732 F.2d [584] at 586 [(7th Cir. 1984)]. The policy of encouraging business dealings with the postpetition debtor during the reorganization period is not served by according administrative priority to a prepetition secured party. The secured claimholder is not electing postpetition to do business with the debtor—the possibility of having to deal with a debtor in bankruptcy was one of the many considerations a lender must evaluate at the time of the original loan and security agreement.

. . .

A secured creditor is protected against depreciation of collateral during the reorganization period through various other provisions of the Bankruptcy Code. Under 11 U.S.C. §§ 361 and 362 adequate protection of the creditor's interest may be required through periodic cash payments, replacement liens, or other relief except the granting of a § 503(b)(1) administrative expense. Where the adequate protection given by the trustee or debtor-in-possession proves to be inadequate, 11 U.S.C. § 507(b) provides a superpriority to the injured creditor. *See In re Callister*, 15 B.R. 521, 8 Bankr.Ct.Dec. (CRR) 446, 5 Collier Bankr.Cas.2d (MB) 1058 (Bankr. D.Utah 1981). If adequate protection is not feasible, the creditor may receive relief from the stay to repossess its collateral. 11 U.S.C. § 362(d). Pursuant to 11 U.S.C. § 363(e) the court may prohibit or condition the use of property in which the creditor has an interest as is necessary to provide adequate protection of such interest.

. . .

The Bankruptcy Code nowhere puts the responsibility on the debtor to initiate consideration of adequate protection of a creditor's noncash collateral. There is nothing in § 503 remotely suggesting that administrative expense priority was intended as an optional remedy to adequate protection of

a secured claimholder's interest in property of the estate.

*In re Advisory Information and Management Systems, Inc.*, 50 B.R. 627, 629–630 (Bankr.M.D.Tenn.1985); *accord, In re Briggs Transportation Co.*, 47 B.R. 6 (Bankr. D.Minn.1984). Having failed to file a motion for adequate protection, AFG is not entitled to an administrative priority.[5]

*Confirmation of the Plan*

■ Under § 1325(a)(1) of the Bankruptcy Code, in order for a plan to be confirmed, it must comply "with the provisions of this chapter [13] and with the other applicable provisions of this title." § 1325(a)(1). The Plan proposes to pay the Administrative Claim of AFG, a claim which is not allowable under either § 503(b)(1) or § 507 of the Bankruptcy Code, in full. A plan which proposes to pay a disallowed claim does not comply with the operative provisions of the Bankruptcy Code and may not be confirmed. In addition, there is no indication that notice of the Plan or an opportunity to object to the same has been given to creditors and parties in interest. Accordingly, the Court denies confirmation of the Plan. The Court will provide Debtors with an opportunity to file an amended plan.

A separate judgment in accordance with the terms and provisions of this Memorandum Opinion is entered concurrently herewith.

### ORDER

THIS MATTER comes before the Court for consideration of confirmation of the Second Amended Chapter 13 Plan filed by Everet M. Robinson and Angela F. Robinson, Debtors herein, the Motion for Administrative Claim filed by KeyBank USA, f/k/a AutoFinance Group, Inc. and the Motion to Stay Decision also filed by KeyBank USA, f/k/a AutoFinance Group, Inc. The issues having been duly considered, in accordance with the terms and provisions of the Memorandum Opinion filed concurrently herewith,

---

**5.** The Court also notes that what AFG seeks is contrary to the provisions of § 507(b) of the Bankruptcy Code, which allows for the granting of a superpriority lien *if adequate protection has been ordered, and if that adequate protection*

IT IS HEREBY ORDERED that the Second Amended Plan be, and the same hereby is, not confirmed.

IT IS FURTHER ORDERED that the Motion to Stay Decision filed by KeyBank USA, f/k/a AutoFinance Group, Inc. be, and the same hereby is, denied.

IT IS FURTHER ORDERED that the Motion for Administrative Claim filed by KeyBank USA, f/k/a AutoFinance Group, Inc. be, and the same hereby is, denied.

IT IS FURTHER ORDERED that Debtors will file an amended plan which addresses the issues raised in the Memorandum Opinion on or before the 30th day of September, 1998.

IT IS FURTHER ORDERED that if an amended plan is not timely filed, this case will be dismissed pursuant to N.D. Bankr.LR 1017(a)(1)(B) without further notice or hearing.

IT IS FURTHER ORDERED that, upon the timely filing of an amended plan, the Court will issue its Order regarding further proceedings.

---

*proves inadequate. See* § 507(b); *see also In re Greenwald*, 205 B.R. 277, 278 (Bankr.D.Colo. 1997) (three part test for superpriority status under § 507(b) requires that creditor have previously made request for adequate protection).